990 F.2d 1265
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Van Clark SHERMAN, Defendant-Appellant.
 No. 92-30067.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 4, 1993.
Decided March 18, 1993.
 
 Before TANG, KOZINSKI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Sherman appeals his conviction for conspiring to distribute or possess with intent to distribute marijuana. See 21 U.S.C. § 841(a)(1).
 
 
 3
 A. The district court denied Sherman's requested instruction # 21 and supplemental instruction # 4, both of which would have informed the jury that a person can't be guilty of conspiring with a government agent. See Sears v. United States, 343 F.2d 139 (5th Cir.1965); see also United States v. Escobar de Bright, 742 F.2d 1196, 1200 (9th Cir.1984) (adopting Sears rule). Sherman argues this was error, as the jury may have convicted him on the basis of his agreements with Engel, some of which took place after Engel was arrested and turned informer.
 
 
 4
 The government counters that, because there was evidence that Sherman also conspired with Brackman and Allen, the jury needn't have relied on the agreement with Engel. But the mere existence of agreements with other coconspirators doesn't obviate the necessity of a Sears instruction when one of the people the defendant is alleged to have conspired with is a government agent. See United States v. Lively, 803 F.2d 1124, 1127-28 nn. 6-7 (11th Cir.1986) (even substantial evidence of other conspiracies doesn't eliminate need for Sears instruction so long as one of the "coconspirators" is a government agent). We cannot be sure which of the agreements the jury relied on in arriving at its guilty verdict. "[A] general verdict must be set aside if the jury was instructed that it could rely on any of two or more independent grounds, and one of those grounds is insufficient, because the verdict may have rested exclusively on the insufficient ground." Zant v. Stephens, 462 U.S. 862, 881 (1983).
 
 
 5
 On the narrow facts of this case, however, the failure to give a Sears instruction wasn't error. Although it's possible the jury found Sherman conspired only with Engel, it's not possible the jury could have concluded Sherman conspired with Engel only after Engel became a government agent. The substance of Sherman's conversation with Engel after he turned informant all involved plans for completing the arrangements the two had made prior to Engel's arrest. Thus, a jury's finding that Sherman conspired with Engel on May 5-6, 1991 (after Engel's arrest) necessarily comprehends a subsidiary finding that the two conspired sometime prior to that date. There's no risk the jury's verdict was premised solely on an agreement with a government agent.
 
 
 6
 B. Sherman argues there was insufficient evidence to convict him of conspiracy to distribute a controlled substance. We affirm if "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). That standard was easily met here. The government presented testimony of an experienced law enforcement officer that the quantity of marijuana involved (65 pounds) far exceeded what any single person would consume. See RT 581-82. Based on this testimony, the jury was entitled to conclude Sherman knew that Brackman intended to distribute the marijuana to others. "[Q]uantity alone may be sufficient for a jury to infer the intent to redistribute a controlled substance." United States v. Smith, 832 F.2d 1167, 1170 (9th Cir.1987).
 
 
 7
 C. The district court admitted a videotape of the drug transaction which occurred on a mountain pass near Helena, Montana. Although Sherman wasn't present at the transaction, and therefore wasn't featured in the tape, he argues the surveillance violated the Fourth Amendment and the Electronic Communication Privacy Act of 1986 (Title I). Sherman's Title I claim fails, because Title I doesn't regulate silent domestic video surveillance. United States v. Koyomejian, 970 F.2d 536, 540-41 (9th Cir.) (en banc), cert. denied, 113 S.Ct. 617 (1992). Such surveillance is, however, subject to the dictates of the Fourth Amendment. Id. at 541.
 
 
 8
 Although the parties frame the question as Sherman's ability to assert the privacy rights of his coconspirators who appear in the videotape, we don't decide the standing issue because we conclude none of them had a reasonable expectation of privacy. The transaction took place in plain view in a public place along a highway. Everything that was captured by the camera could just as easily have been seen by a person hiding in the trees where the camera was located. "Videotaping of suspects in public places ... does not violate the fourth amendment; the police may record what they normally may view with the naked eye." United States v. Taketa, 923 F.2d 665, 677 (9th Cir.1991); cf. United States v. Broadhurst, 805 F.2d 849, 855-56 (9th Cir.1986) (no reasonable expectation of privacy in translucent greenhouse, because activities are observable by planes and helicopters).
 
 AFFIRMED
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 Sherman quotes the court's instruction that the jury need not find the amount was actually 64 pounds. See Appellant's Opening Brief at 16. The quoted instructions, however, related only to the possession count against Brackman.